Albert B. Lewis v. Commissioner.
Lewis v. Commissioner
Docket No. 73994.
United States Tax Court
T.C. Memo 1959-242; 1959 Tax Ct. Memo LEXIS 1; 18 T.C.M. (CCH) 1153; T.C.M. (RIA) 59242; December 31, 1959
*1 Daniel R. Dixon, Esq., for the petitioner. John L. Ridenour, III, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined deficiencies in the petitioner's income tax for the years 1954, 1955, and 1956 in the respective amounts of $193, $239, and $163. The only issues for decision are whether petitioner was entitled to claim his then wife and his two children as dependents in 1954 and his two children as dependents in 1955 and 1956. Findings of Fact The petitioner filed his individual income tax returns for the years 1954, 1955, and 1956 with the district director at Greensboro, North Carolina. The petitioner entered military service in 1946 and remained in the Army until 1951. At the beginning of 1954, the first of the years involved, he was working as a taxicab driver and was living with his then wife, Jennie Lee, and two children, Fred and Gary. They lived for a short time that year in Kernersville, North Carolina, and later moved to Winston Salem. They lived together for a period of approximately six months in 1954 and during that time petitioner was the sole support of his wife and children. On August 17, 1954, the *2 petitioner reenlisted in the Army. He is presently a sergeant on duty at Fort Bragg, North Carolina. At about the time of his reenlistment, his wife and two children went to live in the home of her mother and father in Winston Salem. Upon his reenlistment, petitioner executed a family allotment of $91.30 a month from his military salary. The allotment was paid to his wife each month for the balance of the year 1954 and for each month throughout 1955 and 1956. The purpose of the allotment was to provide support for his wife and children. His wife used the money to buy clothes for the children and then turned the remaining balance over to her father. She herself did not work during any of the periods here involved and furnished no support for either herself or the children. Her father furnished the only support in addition to that supplied by petitioner's allotment. Fred Dean, Jennie's father, owned his own home, and it had a rental value of about $45 a month. He and his wife, petitioner's wife and the two children were the occupants of the house subsequent to August 1954 and throughout 1955 and 1956. He paid about $30 a week for food for the household and about $100 a year for heating. *3 He paid the medical bills but there were none of any consequence during the period involved. The petitioner claimed his wife, Jennie Lee, and two children as dependents on his return for 1954 and claimed the two children as dependents on his returns for 1955 and 1956. The respondent disallowed the deductions in all three years. Fred Dean and his wife claimed Jennie Lee and the two children as dependents on their joint returns for 1954 and 1955. Fred Dean claimed the two children as dependents on his separate return for 1956. The petitioner furnished more than half the support of Jennie Lee in 1954 and furnished more than half the support of his two children, Fred and Gary, in each of the years 1954, 1955, and 1956. Opinion In view of our finding of fact set out above, the petitioner is entitled to the dependency exemptions claimed by him on his returns for the years in question, and the respondent erred in disallowing them. Decision will be entered for the petitioner.